IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIM. NO. 05-376 |
| | : |
| TIMOTHY BARHAM | : |

Diamond, J.                                                                                           January 19, 2007

## MEMORANDUM

The Government has charged Timothy Barham with being a felon in possession of a firearm. 18 U.S.C. §922(g)(1), 924 (e). Defendant moves to suppress the gun on which the Government bases this prosecution. On January 11, 2007, I conducted an evidentiary hearing at which Philadelphia Police Officer William Forbes testified. I credit Officer Forbes's testimony and deny Defendant's Motion. I offer the following findings and conclusions in support of my decision. See Fed. R. Crim. P. 12(d).

### Findings of Fact

I find that the Government has proven the following facts by a preponderance of the evidence.

At 11:30 on the evening of February 8, 2005, Forbes and his partner, Philadelphia Police Officer Stephen Gantz, were patrolling a high crime area in North Philadelphia in their marked police vehicle. *Transcript 1/11/07 at 3:8-17.* They saw a group of four to five males – including Defendant – gathered outside Georgette's Bar near the 1700 block of Cecil B. Moore Avenue. *Id. at 4*. The police had received numerous complaints of drug and gun crimes occurring outside the bar. *Id. at 4:3-10.* Accordingly, the officers ordered the group to disperse and drove off. *Id.*

*at 4:1-10.*

Some ten minutes later, the officers returned and saw that the group – including Defendant – had not dispersed. *Id. at 4:11-12.* Intending again to disperse the group, the officers got out of their vehicle. *Id. at 4:12-13.* As they did so, Defendant began to run down Cecil B. Moore Avenue. *Transcript 1/11/07 at 4:16-17.* Officer Forbes, who was within 10 feet of Defendant, could see that he was holding something in his waistband with both hands. *Id.* Believing that Defendant – consistent with the complaints received of gun and drug crimes – was carrying a gun or drugs in his waistband, Officer Forbes ran after Defendant. *Id. at 4:19-21.* He chased Defendant for several blocks, remaining within 10 feet of him and never losing sight of him throughout. *Id. at 5:23-25 - 6:1-3.*

Officer Gantz pursued Defendant in his marked vehicle. *Id. at 5:21.* After running for several blocks, Defendant hurdled a ten foot fence. *Id. at 6:5-7.* Officer Forbes could see that as Defendant landed – before the police caught him – Defendant discarded a large black handgun. Officer Forbes recovered the gun – a 9mm semi-automatic pistol – and Officer Gantz then drove up to Defendant and arrested him. *Transcript 1/11/07 at 6:9-18.*

## Conclusions of Law

Defendant contends that the officers violated the Fourth Amendment when they chased after him:

> [E]ven if police saw [Defendant] running away, that alone is not a basis for a stop ... once the police gave chase, they exercised their "show of authority and compelled [Defendant] to discard the contraband.

*Defendant's Motion at 3.*

The Supreme Court has rejected a virtually identical contention. California v. Hodari D.,

499 U.S. 621 (1991).  In that case, California Police, patrolling a high crime area late at night, saw a group of youths.  "When the youths saw the officers' car approaching, they apparently panicked and took flight."  Id. at 622.  The officers chased the defendant Hodari for several blocks, "whereupon he tossed away what appeared to be a small rock."  Id.  The police apprehended Hodari and recovered the "rock," which they determined was crack cocaine.

Charged with drug possession, Hodari moved to suppress.  The prosecution conceded that the police were without reasonable suspicion to stop Hodari once he fled – a concession with which the Supreme Court obviously did not agree.  Id. at 624 n. 1; See Terry v. Ohio, 392 U.S. 1 (1968).  Accordingly, like the Defendant Barham here, Hodari argued: 1) that even though the police hadn't actually touched him when he threw away the contraband, their pursuit was a "show of authority" tantamount to an unreasonable Fourth Amendment "seizure;" and 2) the recovered contraband was "the fruit of that seizure."  Id. at 623.

The Supreme Court held that there could be no Fourth Amendment "seizure" of a fleeing suspect unless the police physically touched the suspect or the suspect surrendered upon the police's verbal command.  Id. at 627-28.  Accordingly, the Court concluded as follows:

> [A]ssuming the [police] pursuit [of Hodari] constituted a "show of authority" enjoining Hodari to halt, since Hodari did not comply with that injunction he was not seized until he was tackled.  The cocaine he abandoned while he was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied.

Id. at 629.

Hodari certainly controls here.  At the time Barham discarded the pistol he seeks to suppress, he had not been "seized" within the meaning of the Fourth Amendment: the police had not touched him, nor did their pursuit "enjoin" him to halt.  Accordingly, the recovery of the

pistol was not the "fruit" of an illegal seizure.  Similarly, because the officers' pursuit of Barham did not infringe his Fourth Amendment rights, he cannot show that his abandonment of the pistol was unconstitutionally "coerced" by unreasonable police conduct.  See <u>United States v. Lockett</u>, 406 F. 3d 207, 211 (3d Cir. 2005) (police questions and a request to search the defendant's luggage occurring before an actual seizure did not constitute unconstitutional coercion).  See also <u>United States v. Johnson</u>, 238 F. Supp. 2d 663, 673 (E.D. Pa. 2002) ("absent any physical contact with the police or evidence that the defendant yielded to a show of authority, a claim of forced abandonment does not require suppression of evidence the defendant abandoned *prior* to the seizure").

In sum, Officers Forbes and Gantz acted within the Fourth Amendment when they pursued Defendant and recovered his pistol after he abandoned it.  Accordingly, I deny Defendant's Motion to Suppress.

An appropriate Order follows.

_____

Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIM. NO. 05-376 |
| : | |
| TIMOTHY BARHAM : | |

**ORDER**

AND NOW, this 19th day of January, 2007, upon consideration of Defendant's Motion to Suppress Physical Evidence (Doc. No. 22) and the Government's Response (Doc. No. 25), and after conducting an evidentiary hearing on January 11, 2007, it is hereby ORDERED that Defendant's Motion is **DENIED**.

AND IT IS SO ORDERED.

*/s Paul S. Diamond*
_____
Paul S. Diamond, J.